2009 Ark. App. 206
**Claudia PROWS, Appellant**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES and Minor Child, Appellees.**

**No. CA 08–1131.**

Court of Appeals of Arkansas.

March 18, 2009.

Leah Lanford, for appellant.

Gray Allen Turner, Office of Chief Counsel, for appellee.

Chrestman Group, PLLC, by: Keith L. Chrestman, attorney ad litem for minor child.

D.P. MARSHALL JR., Judge.

This termination-of-parental-rights case is before us a second time. The circuit court initially terminated Claudia Prows's rights to her son, Z.C., in 2007. The court based its decision on Prows's long history of mental disease and inability to stabilize her condition. Prows appealed. We held that the circuit court made two legal errors: (1) it ruled from the bench that if Z.C. was not able to go home with Prows the day of the termination hearing, then the court had to terminate her parental rights; and (2) it stated in the termination order that it could not consider the mother's recent stability. *Prows v. Ark. Dep't of Health & Human Servs.*, 102 Ark. App. 205, 208–10, 283 S.W.3d 637, 639–40 (2008). We therefore reversed and remanded for the circuit court to consider Prows's recent mental stability in deciding the termination issue. *Ibid.*

On remand, the circuit court entered a revised order terminating Prows's parental rights to Z.C. Prows appeals again, and argues only that the circuit court failed to follow our mandate because it did not consider her recent improvement. We disagree.

In its revised order, the circuit court specifically acknowledged our instructions on remand. The court stated that it considered Prows's recent mental-health improvements in the period before the termination hearing. But the court "did not find any compelling evidence that this was anything other than another cyclic improvement." The court further found that "even with this episode of improvement . . . that [Prows] still has not progressed to provide stability in all other aspects of her life necessary to keep [Z.C.] out of danger." Finally, the court found Dr. Spencer's hope for unsupervised visits between Prows and Z.C. within three to six months "disingenuous."

Prows argues that the circuit court merely gave lip service to the record by relying on Dr. Spencer's adverse testimony for support but dismissing his positive testimony. This is a matter of credibility on which we must defer to the circuit judge. She saw and heard the witnesses, while we did not. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 215, 40 S.W.3d 286, 292–93 (2001).

We are convinced that the circuit court followed our mandate in letter and spirit. And Prows does not challenge the sufficiency of the evidence to support the termination. We therefore affirm.

GRUBER and GLOVER, JJ., agree.